CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 30 2008

JOHN F. CORCORAN, CLERK
BY: /s/ 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID A. WILSON, <br> Petitioner, | Civil Action No. 7:08CV00520 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, <br> Respondent. | By: James C. Turk <br> Senior United States District Judge |

Petitioner David A. Wilson, a federal inmate proceeding pro se, files this action as a petition for writ of audita querela. He argues that his federal sentence must be invalidated because he has succeeded in a motion to expunge from his state criminal record two prior non-convictions on which the district court relied in departing upward at sentencing. The court does not find this information to qualify Wilson for the writ he has requested. Moreover, based on the court's records of Wilson's many post-conviction litigation activities in this court and the nature of his current claim, the court finds that his petition is appropriately construed as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court will dismiss this § 2255 motion as successive.

The writ of audita querela, along with writs of coram nobis, coram vobis and other common law writs, was specifically abolished in federal civil actions by amendments to Fed. R. Civ. P. Rule 60(b), effective in 1948. The United States Supreme Court has recognized, however, that the ancient writ of coram nobis is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C. §1651(a). See United States v. Morgan, 346 U.S. 502 (1954). Accordingly, courts have generally held that the writ of audita querela may also still be available under extraordinary and extremely rare circumstances. United States v. Reyes, 945 F.2d 862, 865-866 (5th Cir. 1991) (citing other cases). Specifically, the writ of audita querela is available, if at all, where a legal objection to a conviction arises after conviction and could not have been raised in some other post-conviction proceeding, such as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. United States v. Holder, 936 F.2d 1, 5 (1st Cir.1991). "The defense or discharge must be a legal defect in the conviction, or in the sentence which taints the conviction.

Equities or gross injustice, in themselves, will not satisfy the legal objection requirement and will not provide a basis for relief." Doe v. INS, 120 F.3d 200, 203 (9th Cir. 1997) (quoting United States v. Johnson, 962 F.2d 579, 582 (7th Cir.1992)). See also United States v. LaPlante, 57 F.3d 252, 253 (2d Cir.1995) (explaining that "[a]udita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction").

Wilson was convicted of drug and firearm offenses in 1995, and the court departed upward to sentence him 235 months incarceration. That departure was later affirmed on appeal. Wilson now claims that in April 2008, new "facts" developed that "taint" the upward departure imposed on him in this case. Wilson submits copies of two documents from the Criminal Court of Sullivan County, Tennessee, each entitled "Order for the Expungement of Criminal Offender Record." The documents describe related charges of attempted murder and aggravated assault brought against David Wilson in November 1993. Under the heading of "Disposition Information," the forms indicate that these two charges were "Nolle Prosequi." The two documents are date stamped on April 3, 2008, and indicate that Wilson "is entitled to have all PUBLIC RECORDS relating to the offense listed above expunged," pursuant to Tenn. Code Ann. § 40-32-101, because "Nolle Prosequi entered in case" (emphasis in original).

Wilson admits that these two charges from Sullivan County were nolle prossed before the imposition of his federal sentence and that they did not count toward the calculation of his criminal history category under the United States Sentencing Guidelines ("USSG"). He asserts that the court nevertheless relied on these two "bad acts" in finding that Wilson had a violent criminal history. He argues that because the records of these two violent charges have now been expunged, the district court's reliance on the offense condict as grounds, in part, for an upward departure taints the entire sentence so as to warrant a writ of audita querela, vacating the sentence. He further asserts that if resentenced without the upward departure, he would be entitled to immediate release.

Wilson cannot obtain a writ of audita querela as requested. First, he submits no evidence that the violent acts for which he was charged in Sullivan County did not occur or that he was acquitted

2

of committing those acts. Under Tennessee law,

> A nolle prosequi is a discharge without acquittal, and can be awarded only by the Attorney General and the court. It being a discharge, it is necessarily a termination of the particular prosecution, although it is not a bar to a subsequent prosecution, unless it shall be entered after the defendant had been put to trial upon a valid indictment before a jury duly sworn and impaneled.

State v. Sluder, 493 S.W.2d 467, 470 (Tenn. 1973). Moreover, the statute under which the records of the two 1993 charges were expunged merely authorizes expungement of any nolle prossed charges. See Tenn. Code Ann. § 40-32-101(a)(3) ("Upon petition by a defendant in the court that entered a nolle prosequi in the defendant's case, the court shall order all public records expunged."). Neither nolle prosequi nor expungement of the records constitutes a finding that there was no probable cause to support the charge in the first place. Therefore, the new documents are not sufficient to invalidate the evidence on which the court rightfully relied in determining that Wilson's criminal history category under represented his record of violent criminal conduct. In any event, Wilson's own submissions indicate that his criminal record included other violent offense on which the court could also have relied in calculating an appropriate upward departure. Wilson clearly fails to demonstrate a defect that taints his sentence.

Second, Wilson fails to demonstrate that he could not have acquired the expungement of the Sullivan County offenses in time to include his current claims in his initial § 2255 motion in 1999. Wilson offers no explanation for his delay in seeking this procedural action. Thus, he fails the second requirement for audita querela, because the "defect" he now presents would have been remediable via other post-conviction actions.

As Wilson is not entitled to a writ of audita querela and his claim essentially challenges the legality of his criminal sentence as imposed, the court construes his pleading as a § 2255 motion. Wilson has previously filed several § 2255 motions concerning the same conviction and sentence. See Wilson v. United States, Case No. 7:99CV00553 (W.D. Va. 2000), aff'd, 11 F. App'x 145 (4th Cir. 2001), cert. denied, 534 U.S. 834 (2001); Wilson v. United States, Case No. 7:03CV00188 (W.D. Va. 2003), aff'd, 73 F. App'x 661 (4th Cir. 2003); Wilson v. United States, Case No.

3

7:06CV00014 (W.D. Va. 2006), aff'd, 124 F. App'x 153 (4th Cir. 2006).

Clearly, petitioner's current § 2255 motion is a second or subsequent one, falling under the successive petition bar in § 2255(h). Under this provision, the district court may consider a second or successive § 2255 motion only upon specific certification from the appropriate United States Court of Appeals. As petitioner has not submitted any evidence that he has obtained certification from the Fourth Circuit to file a second or successive § 2255 motion, the court will dismiss Wilson's current action as successive. An appropriate order shall be issued this day.

ENTER: This 20th day of October, 2008.

/s/ James C. Turk
Senior United States District Judge